UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MELANIE STRONGOSKY,

 Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

 Defendant.
_____/

## COMPLAINT

 The Plaintiff, MELANIE STRONGOSKY, by and through the undersigned counsel, hereby files suit against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, and alleges as follows:

### JURISDICTION, VENUE & PARTIES

 1. Federal subject matter jurisdiction arises under and is by virtue of a Federal Question pursuant to 28 U.S.C. § 1331, as this is a civil action involving admiralty or maritime law pursuant to 28 U.S.C. § 1333 and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

 2. At all times material hereto, the Plaintiff, MELANIE STRONGOSKY, was a resident of Florida and is otherwise *sui juris.*

 3. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, is authorized to conduct business in the State of Florida and at all times material was conducting business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, personally or through an agent, in the County and District in which this Complaint is filed:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county; and/or

    b. Had and office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state and/or county; and/or

    d. Committed one or more of the acts stated in Florida Statutes §§§ 48,081, 48.181 or 48.193.

5. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, has conducted ongoing, substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, therefore *in personam* jurisdiction over the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, exists in the United States District Court for the Southern District of Florida.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## GENERAL ALLEGATIONS

7. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff, MELANIE STRONGOSKY.

8. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, was engaged in the business of operating maritime cruise vessels for fee paying customers including the Plaintiff, MELANIE STRONGOSKY, and, for this purpose, operated, among other vessels, the "Carnival Sensation".

9. On or about September 11, 2019, the Plaintiff, MELANIE STRONGOSKY, was a guest/business invitee of the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, on the "Carnival Sensation" cruise ship, when she was injured.

10. As the Plaintiff, MELANIE STRONGOSKY, was walking on the Lido Deck, she slipped on water on the floor, causing her to fall and sustain serious injuries.

11. At all times material, Carnival was aware that the Lido deck was where the pool and other amenities were located. Carnival was also aware that the Lido deck is an extremely high traffic area that is frequented daily by passengers. Carnival knows that, when wet, the Lido deck is slippery and accordingly, it is critical that the Lido deck be inspected regularly and kept dry.

12. Notwithstanding this knowledge, Carnival failed to keep the floor of the Lido deck dry and failed to restrict access to areas of the Lido deck that were wet and slippery.

13. The existence of water on the Lido deck created an unreasonably dangerous and unsafe condition.

14. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, its employees, agents, and/or apparent agents had actual or constructive notice of the existence of the water on the floor and/or the slippery condition of the floor.

## COUNT I- NEGLIGENCE

15. Plaintiff hereby adopts and realleges each and every allegation in paragraph 1 through 14, above.

16. At all times material hereto, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, owed the Plaintiff, MELANIE STRONGOSKY, a non-delegable duty to use reasonable care in the maintenance of said vessel.

17. On or about September 11, 2019, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, was negligent and failed to use reasonable care in one or more of the following ways:

    a. Failing to keep the Lido deck clean and dry to allow for a safe walking surface;

b. Failing to adequately inspect the Lido deck on a reasonably frequent basis and in a manner adequate to protect its passengers from slip and fall injury;

c. Failing to properly maintain the subject vessel in a reasonably safe condition by allowing the subject vessel's floor to become dangerous, slippery, defective and unsafe;

b. Creating a slipping hazard for the Plaintiff, MELANIE STRONGOSKY, and other, similar invitees; and

d. Failing to restrict access to the subject area that was unreasonably slippery and dangerous;

e. Failing to warn Plaintiff, MELANIE STRONGOSKY, of dangerous conditions that existed on the subject vessel, that the Defendant knew or should have known existed;

f. Failing to provide non-slip mats (or other anti-slip protections) to protect passengers from slip and fall injuries in areas that the Defendant knew or should have known were slippery and wet;

g. Failing to provide a safe walking surface on the Lido Deck;

h. Failing to correct a dangerous condition that the Defendant knew or should have known existed;

i. Failing to adequately train and supervise its employees and/or agents to locate wet and slippery areas, clean wet and slippery areas, prevent moisture from accumulating on the Lido deck, cleaning the Lido deck, warning patrons of slippery condition of the flooring, preventing access to slippery areas, and correcting unreasonably slippery flooring;

j. Failing to implement a method of operation which was reasonably safe and would prevent water and moisture from accumulating on the Lido deck; and

k. Failing to otherwise provide passengers with a safe place to walk.

.

14. As a direct and proximate result of the negligence, of the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, the Plaintiff, MELANIE STRONGOSKY, sustained injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings and loss of the ability to earn money in the future, and aggravation of a previously existing condition, if any. These losses are either permanent or continuing in nature and the Plaintiff, MELANIE STRONGOSKY, will suffer these losses in the future.

WHEREFORE, the Plaintiff, MELANIE STRONGOSKY, demands judgment and damages against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LIN, for compensatory damages plus costs, and further demands trial by jury on all issues so triable as a right by jury.

Dated this 22nd day of July, 2020.

**GOLDMAN & DASZKAL, P.A.**
Attorneys for Plaintiff
1630 West Hillsboro Boulevard
Deerfield Beach, FL 33442
P. (954) 428-9333/ F. (954) 428-9338

BY: _____
**ALEXANDER R. HUNT, ESQ.**
FBN: 50206
**KAITLIN STAPLETON, ESQ.**
FBN: 125130
Service.Hunt@gdinjurylaw.com